# CIVIL COVER SHEET

%JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SANDRA EDICK, individually and as Special Administrator for the Estate of PHILLIP EDICK, deceased,

**DEFENDANTS**
ALLEGIANT AIR, LLC, CLARK COUNTY DEPARTMENT OF AVIATION, and DOES I - V, and ROE CORPORATIONS I - V, inclusive,

(b) County of Residence of First Listed Plaintiff   State of Arizona
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
THOMAS CHRISTENSEN, ESQUIRE
CHRISTENSEN LAW OFFICES, LLC - 1000 S. Valley View Blvd., Las Vegas, Nevada 89107, Tel: (702) 870-1000.

Attorneys (If Known)
BRUCE SCOTT DICKINSON, ESQUIRE
STEPHENSON & DICKINSON, P.C., 2820 West Charleston Boulevard, Suite 19, Las Vegas, Nevada 89102, Tel: (702) 474-7229

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☒ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN   (Place an "X" in One Box Only)
☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1331, 1441 and 1446.
Brief description of cause:
Plaintiff's decedent allegedly fell because Defendant required decedent to be with checked baggage at check-in.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ In excess of $10,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY   (See instructions):
JUDGE
DOCKET NUMBER

DATE 2-15-11

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

1   BRUCE SCOTT DICKINSON, ESQ.
    Nevada Bar No. 002297
2   MICHAEL HOTTMAN, ESQ.
    Nevada Bar No. 008501
3   JACQUELINE N. GROFF, ESQ.
    Nevada Bar No.  010602
4
    **STEPHENSON & DICKINSON, P.C.**
5   2820 West Charleston Boulevard, Suite B-19
    Las Vegas, Nevada 89102
6   Telephone: (702) 474-7229
    Facsimile:  (702) 474-7237
7   *email:  admin@sdlawoffice.net*
8
    Attorneys for Allegiant Air, LLC
9

10                **UNITED STATES DISTRICT COURT**

11                   **DISTRICT OF NEVADA**

12

13   SANDRA EDICK, individually and as Special     |   CASE NO.
    Administrator for the Estate of PHILLIP EDICK,
14   deceased,

15                 Plaintiff,

16   vs.                        **NOTICE OF REMOVAL OF ACTION**
                         **UNDER 28 U.S.C. §§ 1331, 1441 and 1446**
17   ALLEGIANT AIR, LLC, CLARK COUNTY
    DEPARTMENT OF AVIATION; and DOES I –
18   V, and ROE Corporations I - V, inclusive,

19                Defendants.

20

21

22   TO THE UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA – LAS VEGAS:

23            COMES NOW Defendant, ALLEGIANT AIR, LLC, and hereby gives notice that pursuant to

24   28 U.S.C. §§ 1331, 1441 and 1446, it has this day filed in the United States District Court for the

25   District of Nevada – Las Vegas, this Notice of Removal of the following action: *Sandra Edick,*

26   *individually and as Special Administrator for the Estate of Phillip Edick, deceased, v. Allegiant Air,*

27   *LLC, Clark County Department of Aviation, and DOES I-V, and ROE Corporations I-V, inclusive,*

28

                                      1

1   filed in the District Court, Clark County of Nevada, Case No.: A-10-628007-C, attached hereto as

2   Exhibit "1".

3        Counsel for Allegiant Air, LLC has conferred with counsel for Clark County Department of

4
    Aviation, the only other named Defendant.  Clark County Department of Aviation consents to this
5
6   removal.

7        The grounds for removal are as follows:  Plaintiffs' action arises under the laws of the United

8   States which preempt state law, 28 U.S.C. §§ 1331 and 1441(b).  Plaintiffs' complaint alleges

9   injuries caused by a federally regulated airline/an aircraft operator, Allegiant Air, LLC, which was

10  allegedly negligent or otherwise at fault for refusing to allow Plaintiff Sandra Edick to check her

11
    husband's bags and/or leave them unattended at the ticket counter.  The allegations of the complaint
12
13  necessarily invoke the exclusive regulation of aviation security governed by the Transportation

14  Security Administration, and it is therefore subject to Federal preemption.  *See Montalvo v. Spirit*

15  *Airlines*, 508 F.3d 464 (9th Cir.) 2007, which deals with the analogous issue of aviation safety and

16  the Federal Aviation Regulations.

17
         Plaintiffs' claims are exclusively governed by the Federal Civil Aviation Security
18
19  Regulations, in particular, Title 49 C.F.R. sections 1520, 1540, 1544 et seq.  Plaintiffs' complaint

20  presents a federal claim that has been artfully pled as a state court claim.  In addition, this court has

21  jurisdiction under the complete preemption doctrine.  See *Montalvo v. Spirit Airlines*, 2007 WL

22  2874401 (9th Cir. October 4, 2007) (analogously, FAA regulations alone occupy the entire field of

23  aviation safety and therefor preempt state law).

24
         Ordinarily, statutory federal question jurisdiction extends to cases in which a federal question
25
26  appears on the face of a well-pleaded complaint.  *Republican Party of Guam v. Gutierrez*, 277 F.3d

27  1086, 1089 (9th Cir. 2002).  An exception to this rule exists where a complaint is "artfully pleaded"

28  to avoid explicit reference to what is actually a federal claim.  *Rains v. Criterion Sys. Inc.*, 80 F.3d

339, 344 (9th Cir. 1996). Even where a claim has not been artfully pleaded, cases are removable in an independent corollary to the well-pleaded complaint rule known as the "complete preemption" doctrine. *Rains*, 80 F.3d at 344. "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Rains*, 80 F.3d at 344-45 (citations omitted).

To the extent Plaintiffs claim that Allegiant Air, LLC was negligent in its check-in/baggage check procedures, Plaintiffs' right to relief is governed by provisions of the Civil Aviation Security Act, Title 49 C.F.R., sections 1544.101(a) and 1544.103. The former states, in pertinent part:

> "(a) *Full Program*: Each aircraft operator must... adopt and carry out a security program that meets the requirements of §1544.103 for each of the following operations:
>
> > (1)  A scheduled passenger... operation with an aircraft having a passenger seating configuration of 61 or more seats.
> > . . ." (2006).

The latter states, in pertinent part:

> "(a) *General Requirements*: Each security program must:
>
> > (1)  Provide for the safety of persons and property traveling on flights provided by the aircraft operator against acts of criminal violence and air piracy, and the introduction of explosives, incendiaries, or weapons aboard an aircraft.
> >
> > (2)  Be in writing and signed by the aircraft operator...
> >
> > (3)  Be approved by TSA.
> > . . .
>
> (c) *Content*. The security program must include... the following:
>
> > (1)  The procedures... used to comply with the requirements of §1544.201 regarding the acceptance and screening of individuals and their accessible property,...
> >
> > (2)  The procedures... used to comply with the requirements of §1544.203 regarding the acceptance and screening of checked baggage. . . ." (2008).

1    49 C.F.R. §1544.203, "Acceptance and screening of checked baggage" states, in pertinent

2  part:

3    "(a) *Preventing or deterring the carriage of any explosive or incendiary*. Each
     aircraft operator must use the procedures described in its security program to
4    prevent or deter the carriage of any unauthorized explosive or incendiary onboard
5    aircraft in checked baggage.

6    (b) *Acceptance*. Each aircraft operator must ensure that checked baggage carried
     in the aircraft is received by its authorized aircraft operator representative.
7

8    (c) *Screening of individuals and accessible property*. Except as provided in its
     security program, each aircraft operator must ensure that all checked baggage is
9    inspected for explosives and incendiaries before loading it on its aircraft in
10   accordance with §1544.207.
     . . .

11
     (e) *Refusal to transport*. Each aircraft operator must refuse to transport any
12   individual's checked baggage or property if the individual does not consent to
     a search or inspection of that checked baggage or property in accordance with
13   the system prescribed by this part.
14   . . ." (2002).

15    To the extent plaintiffs claim that defendant Allegiant Air, LLC negligently operated its

16  check-in facilities with regard to their baggage, such allegations are governed by 49 C.F.R. sections

17  1520, et. seq., above.

18
      Concurrently, plaintiffs' allegations against Allegiant Air, LLC, are preempted by The
19
20  Airline Deregulation Act of 1978, 49 U.S.C. §41713, as the activities of the airlines' agents at check-

21  in constituted "service of an air carrier that may provide air transportation under this subpart

22  pursuant to the tickets they purchased." See, for example, *Restivo, et.al. v. Continental Airlines, Inc.*

23  (2011 Ohio 219) (attached as Exhibit "2").

24
      Thus, plaintiffs' claims are governed by federal – not state law.
25
      This removal is timely filed as suit was filed by plaintiffs in the District Court, Clark County
26
27  - Nevada, on or about October 22, 2010.  Allegiant Air, LLC was served on or after January 26,

28  2011.

4

1    Based on the above, this court has both original and removal (federal question) jurisdiction

2  over this action and defendant is entitled to remove this action from the District Court of Clark

3  County, Nevada.

4    DATED this ___15___ day of February, 2011.

5
                                        STEPHENSON & DICKINSON, P.C.
6

7

8                                       By: _____
                                        BRUCE SCOTT DICKINSON, ESQ.
9                                       Nevada Bar No. 002297
                                        MICHAEL HOTTMAN, ESQ.
10                                      Nevada Bar No. 008501
                                        JACQUELINE N. GROFF, ESQ.
11                                      Nevada Bar No. 010602
                                        2820 West Charleston Boulevard, Suite B-19
12                                      Las Vegas, Nevada 89102
                                        P: (702) 474-7229
13                                      F: (702) 474-7237
                                        email: admin@sdlawoffice.net
14                                      Attorneys for Allegiant Air, LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        5

**CERTIFICATE OF MAILING**

Pursuant to F.R.C.P. 5(b), I hereby certify that I am an employee of STEPHENSON & DICKINSON

and that on this 5th day of February, 2011 I caused to be served a copy of the foregoing:

NOTICE OF REMOVAL OF ACTION on the party(s) set forth below by:

✓ _____ Placing an original or true copy in a sealed envelope placed for collection and mailing in the United States Mail, at Las Vegas, Nevada, postage prepaid, following ordinary business practices;

_____ Facsimile transmission only, pursuant to the amended Eighth Judicial District Court Rule 7.26

_____ Case Management/Electronic Case Filing (CM/ECF)

_____ Hand Delivery -- Receipt of Copy

addressed as follows:

David Sampson, Esq.
Thomas Christensen, Esq.
Christensen Law Offices LLC
1000 South Valley View Blvd.
Las Vegas, NV 89107
T: 702-870-1000
F: 702-792-9647
Attorney for Plaintiff

Christopher Young, Esq.
The Cobeaga Law Firm
550 East Charleston Blvd. #D
Las Vegas, NV 89104
T: 702-240-2499
F: 702-240-2489
Attorney for Clark County Dept. of Aviation

Employee of STEPHENSON & DICKINSON

6

# EXHIBIT "1"





SUMM

### DISTRICT COURT
### CLARK COUNTY, NEVADA

SANDRA EDICK, individually and as )
Special Administrator for the Estate of )
PHILLIP EDICK, deceased, )
     Plaintiffs, )
vs. )     CASE NO:   A-10-628007-C
)     DEPT. NO:   XI
ALLEGIANT AIR, LLC, )
CLARK COUNTY DEPARTMENT OF )
AVIATION )
     Defendants. )

## SUMMONS

### NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW

To THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

### ALLEGIANT AIR, LLC

    1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
      a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
      b. Serve a copy of your response upon the attorney whose name and address is shown below.

    2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

    3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

    4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

Issued at the direction of
Christensen Law Offices, LLC

                                                **CLERK OF COURT**
By:_____              ALLISON BEHPHORST

David R. Sampson, Esq.                         _____
1000 S. Valley View Blvd.                   Deputy Clerk          Date
Las Vegas, NV 89107                     County Court House
Attorney for Plaintiffs                   200 Lewis Avenue
                                            Las Vegas, Nevada 89155

RECEIVED JAN 31 2011 By_____

DISTRICT COURT SEAL JAN 2 1 2011

## AFFIDAVIT OF SERVICE

**STATE OF**

)ss:

**COUNTY OF**

_____being duly sworn, says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to nor interested in the proceeding in which this affidavit is made That affiant received _____copy(ies) of the Summons and Complaint, on the_____day of_____20____ served the same on the _____ day of _____20_____ by:

### (Affiant must complete the appropriate paragraph)

1    Delivering and leaving a copy with the Defendant _____

    -at (state address)_____

2.    Serving the Defendant _____by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the Defendant's usual place of abode located at: (address)

    _____

### (Use paragraph 3 for service upon agent, completing A or B)

3.    Serving the Defendant _____by personally delivering and leaving a copy at (state address)_____

    a.    With_____as_____an agent lawfully, designated by statute to accept service of process;

    b.    With _____, pursuant to NRS 14.020 as a person of suitable age an discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4.    Personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (Check appropriate method):

            _____Ordinary mail

            _____Certified mail, return receipt requested

            _____Registered mail, return receipt requested

    addressed to the defendant_____ at Defendant's last known address which is (state address)_____

**SUBSCRIBED AND SWORN** to before me this

_____day of_____ 20_____

_____
Signature of person making service

_____

**Notary Public in and for the County of State of Nevada**

My commission expires: (SEAL)

Electronically Filed
10/22/2010 10:51:40 AM

CLERK OF THE COURT

1  **COMP**
  THOMAS CHRISTENSEN, ESQ.
2  Nevada Bar No. 2326
3  DAVID F. SAMPSON, ESQ.
  Nevada Bar No. 6811
4  CHRISTENSEN LAW OFFICES, LLC
  1000 S. Valley View Blvd.
5  Las Vegas, Nevada 89107
6  (702) 870-1000
  Attorney for Plaintiffs,
7  ESTATE OF PHILLIP EDICK,
8  SANDRA EDICK

9                    DISTRICT COURT

10              CLARK COUNTY, NEVADA

11

12  SANDRA EDICK, individually and as          )
  Special Administrator for the Estate of     )
13  PHILLIP EDICK, deceased,                   )
                                               )
14        Plaintiffs,                          )     A-10-628007-C
                                               )
15                                             )
  vs.                                          )     CASE NO:
16                                             )     DEPT. NO:      X I
  ALLEGIANT AIR, LLC,                          )
17  CLARK COUNTY DEPARTMENT OF                 )
  AVIATION, and DOES I - V, and ROE           )
18  CORPORATIONS  I - V, inclusive,            )
                                               )
19                                             )
                                               )
20        Defendants.                          )
                                               )

21

22                    COMPLAINT

23        COMES NOW the Plaintiff, ESTATE OF PHILLIP EDICK and SANDRA EDICK, by

24  and through DAVID F. SAMPSON, ESQ., of the law firm of CHRISTENSEN LAW OFFICES,

25  LLC, and for his/her cause of action against the Defendants, and each of them, alleges as

26  follows:

27

28

## FIRST CAUSE OF ACTION

As and for a First Claim for Relief, Plaintiffs complains of Defendants, and each of them, that:

1.   Upon information and belief, that at all times relevant to this action, the Defendant, ALLEGIANT AIR, LLC., was a Nevada corporation duly licensed to conduct business in the State of Nevada.

2.   Upon information and belief, that at all times relevant to this action, the Defendant, CLARK COUNTY DEPARTMENT OF AVIATION, is a governmental subdivision of the government of CLARK COUNTY, NEVADA, which operates McCARRAN INTERNATIONAL AIRPORT, at Clark County, Nevada.

3.   That Plaintiff, SANDRA EDICK, was at all times relevant to this action a resident of the State of Arizona.

4.   That the true names and capacities, whether individual, corporate, partnership, associate or otherwise, of Defendants, DOES I through V, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOE is responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of DOES I through V, when the same have been ascertained, and to join such Defendants in this action.

5.   That upon information and belief, at all times relevant to this action, the Defendant, Defendant, CLARK COUNTY DEPARTMENT OF AVIATION, was the owners or lessees and occupied, operated, maintained and controlled part of those premises located at 5757 Wayne Newton Blvd., Las Vegas, Nevada, at Clark County, wherein it actively operated McCARRAN INTERNATIONAL AIRPORT at said location.

6.     That upon information and belief, at all times relevant to this action, the Defendant, Defendant, CLARK COUNTY DEPARTMENT OF AVIATION, was the owners or lessees and occupied, operated, maintained and controlled part of those premises located at 5757 Wayne Newton Boulevard Las Vegas, Nevada, at Clark County, wherein it actively operated McCARRAN INTERNATIONAL AIRPORT at said location.

7.     That on or about the 23rd day of October, 2008, and for some time prior thereto, the Defendant, CLARK COUNTY DEPARTMENT OF AVIATION, and each of the Defendants (by and through their authorized agents, servants, and employees, acting within the course and scope of their employment), negligently and carelessly owned, maintained, operated, occupied, and controlled the said premises, located at 5757 Wayne Newton Blvd., Las Vegas, Nevada, so as to refuse or neglect to accommodate disabled and handicapped individuals coming from the long-term parking structure such that such disabled and handicapped individuals can enter the airport safely and with the proper assistance in such a manner that it presented a dangerous and hazardous condition in an area intended for the use and commonly and regularly used by customers and invitees of the said Defendant, CLARK COUNTY DEPARTMENT OF AVIATION, and each of the Defendants, by causing the walkway from the long-term parking structure of said premises to be hazardous and dangerous to disabled and handicapped individuals walking in the area; and more particularly the late husband of Plaintiff, PHILLIP EDICK; and thereafter the Defendant, CLARK COUNTY DEPARTMENT OF AVIATION, and each of the Defendants, permitted, allowed and caused said unsafe condition to remain even though Defendant knew or, through the exercise of ordinary care and diligence, should have known, the walkway from the long-term parking structure of said premises to be hazardous and dangerous to disabled and handicapped individuals walking in the area creating a defective and dangerous condition; that Defendant, CLARK COUNTY DEPARTMENT OF AVIATION, and each of the Defendants, failed to maintain the aforesaid premises in a reasonably safe condition and neglected or refused to provide reasonable accommodation for disabled and handicapped individuals; and that Defendant, CLARK COUNTY DEPARTMENT OF AVIATION, and each of the Defendants, negligently, carelessly and

1   recklessly failed to make said reasonable accommodation, or warn the Plaintiff, SANDRA EDICK

2   or her late husband, PHILLIP EDICK, of the defect therein.

3

4       8.     That Plaintiff, SANDRA EDICK, gave notice to Defendant ALLEGIANT AIR, LLC., of

5   the nature of her late husband's disabilities as he was booked for a handicapped/disabled traveler

6   needing a wheelchair.

7       9.     That on or about the 23rd day of October, 2008, Plaintiff SANDRA EDICK and her late

8   husband, parked in long-term parking at McCarran Airport.  PHILLIP EDICK fell in the parking

9   garage before SANDRA could get the bags loaded onto the bag cart.  PHILLIP EDICK was shook up

10  but had fallen on top of the bags so was not hurt at that time.  Plaintiff and her husband made it to the

11  lower level by the restrooms and Plaintiff left her husband there to take the bags over to the airline

12  counter and check them in so that she could return to assist her husband to the airline counter.  Plaintiff

13  SANDRA EDICK went one street, through the bag claim building, across another street, down the

14  airport sidewalk to the ALLEGIANT AIR, LLC, check-in counter, and then waited through the line

15  to get up to the check-in counter.  Plaintiff SANDRA EDICK informed the check-in personnel that

16  she was checking in the bags for the flight and was informed by agents of Defendant ALLEGIANT

17  AIR, LLC, that PHILLIP EDICK had to be there in order to check in the luggage.

18      10.    That Plaintiff reminded agents of Defendant ALLEGIANT AIR, LLC, that PHILLIP

19  EDICK was traveling under a handicapped ticket and that he had already fallen in the parking

20  garage and that that was why the bags needed to be checked in because PHILLIP EDICK needed

21  assistance to get from the parking garage to the airline check-in.  Plaintiff SANDRA EDICK was

22  ordered to take the luggage back with her, go get her husband, and bring him inside the Terminal

23  doors, and only at that point would Defendant ALLEGIANT AIR, LLC, have a wheelchair waiting.

24  At no time did Defendant ALLEGIANT AIR, LLC, offer to make a reasonable accommodation to

25  provide a wheelchair for their passenger, PHILLIP EDICK, so that he could safely be transported to

26  the Terminal.  PHILLIP EDICK fell, face first, just inside the airline door.  PHILLIP EDICK hit his

27  face so hard it knocked him unconscious, knocked his front tooth completely out, cut open his cheek

28  under his eye, and had blood coming out of his mouth.

11.   Only then did agents of Defendants come running, act to keep the area clear, and call an ambulance. PHILLIP EDICK was then transported to Sunrise Hospital.

12.   At all times herein concerned or relevant to this action, the Defendants, CLARK COUNTY DEPARTMENT OF AVIATION, ALLEGIANT AIR, LLC, and each of the Defendants, acted by and through their duly authorized agents, servants, workmen and/or employees then and there acting within the course of their employment and scope of their authority for the Defendants, CLARK COUNTY DEPARTMENT OF AVIATION, ALLEGIANT AIR, LLC, and each of the Defendants.

13.   That the carelessness and negligence of the Defendant, CLARK COUNTY DEPARTMENT OF AVIATION, and each of the Defendants, in breaching a duty owed to the late husband of Plaintiff, PHILLIP EDICK, which directly and proximately caused the injuries and damages to the late husband of Plaintiff, PHILLIP EDICK, consisting in and of, but not limited to, the following acts, to-wit:

(a)   Failure to provide a reasonably safe accommodation for the late husband of Plaintiff, PHILLIP EDICK, to be transported from the long-term parking structure;

(b)   Failure to warn the late husband of Plaintiff, PHILLIP EDICK, of the dangerous and hazardous condition then and there existing in said structures due to the lack of reasonable accommodation;

(c)   Failure to properly and adequately inspect the said dangerous condition in the structure to ascertain its hazardous and dangerous condition to disabled and handicapped individuals;

(d)   Failure to properly and adequately maintain the walkway from the long-term parking structure to properly accommodate disabled and handicapped individuals;

(e)   Failure to properly warn the late husband of Plaintiff, PHILLIP EDICK, of said dangerous condition;

(e)   The Defendants, CLARK COUNTY DEPARTMENT OF AVIATION, ALLEGIANT AIR, LLC, and each of the Defendants, had, or should have had, knowledge or notice of the existence of the said dangerous and defective condition which existed on said premises.

14.   The Defendants, CLARK COUNTY DEPARTMENT OF AVIATION, ALLEGIANT AIR, LLC, and each of the Defendants, may have violated certain Nevada Revised Statutes and Las Vegas, Nevada, ordinances and Las Vegas building codes, which the Plaintiff prays leave of Court to insert the exact statutes or ordinances or codes at the time of the trial.

15.   That on or about the 23rd day of October, 2008, the late husband of Plaintiff, PHILLIP EDICK, while lawfully upon the said premises of CLARK COUNTY DEPARTMENT OF AVIATION, as a direct and proximate result of the said negligence and carelessness of the Defendants, CLARK COUNTY DEPARTMENT OF AVIATION, ALLEGIANT AIR, LLC, and each of the Defendants, was caused to suffer the injuries and damages hereinafter set forth when he was force to traverse areas hazardous and dangerous to disabled and handicapped individuals, proximately causing to him the injuries and damages as hereinafter more particularly alleged.

16.   That Defendants' actions violated various rules and statutes and the Plaintiff will lees leave to add the same hereto.

17.   By reason of the premises and as a direct and proximate result of the aforesaid negligence and carelessness of the Defendants, CLARK COUNTY DEPARTMENT OF AVIATION, ALLEGIANT AIR, LLC, and each of the Defendants, the late husband of Plaintiff, PHILLIP EDICK, was caused to suffer a chronic brain hemorrhage, exacerbating a grade 2 right temporal lobe astrocytoma brain tumor, and the late husband of Plaintiff, PHILLIP EDICK, was otherwise injured in and about the head, neck, and back, and caused to suffer great pain of body and mind, all of which led to the untimely death of PHILIP EDICK, and damages in an amount in excess of Ten Thousand Dollars ($10,000.00).

18.   By reason of the premises, and as a direct and proximate result of the aforesaid negligence and carelessness of the Defendants, CLARK COUNTY DEPARTMENT OF AVIATION, ALLEGIANT AIR, LLC, and each of the Defendants, the late husband of Plaintiff, PHILLIP EDICK, has been caused to incur expenses in the approximate amount of $19,806.89 for medical expenses, and for miscellaneous expenses incidental thereto, in a sum presently unascertainable. The Plaintiff, SANDRA EDICK, will pray leave of Court to insert the total amount of the medical

and miscellaneous expenses when the same have been fully determined at the time of the trial of this action.

19.   Plaintiffs' damages would not have occurred if the airline had called their wheelchair provider to accompany SANDRA EDICK back to assist her disabled husband who had already fallen once.  Even Defendants had merely called airport security to let them know a customer needed assistance, Plaintiffs' damages would have been avoided.

20.   Plaintiff has been required to retain the law firm of CHRISTENSEN LAW OFFICES, LLC. to prosecute this action, and is entitled to a reasonable attorney's fee.

### SECOND CAUSE OF ACTION

As and for a second, separate and distinct claim for relief, Plaintiff, SANDRA EDICK, complains as follows:

21.   Plaintiff, SANDRA EDICK, incorporates by reference as though fully set forth herein, all of the allegations set forth above and incorporates said paragraphs as though fully set forth herein.

22.   That the Plaintiff, SANDRA EDICK, at the time of the incident was married to, PHILLIP EDICK.

23.   That, by reason of the premises, and as a direct and proximate result of the said negligence and carelessness of the Defendants, and each of them, the Plaintiff, SANDRA EDICK, was deprived of PHILLIP EDICK's comfort, society, counsel, support, (consortium), and companionship, all to her damage in a sum in excess of Ten Thousand Dollars ($10,000.00).

WHEREFORE, Plaintiff, expressly reserving the right herein to include all items of damage, demands judgment against the Defendants, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

1. General damages in an amount in excess of $10,000.00;

2. Special damages for medical expenses in the approximate amount of $19,806.89 as of this time, plus miscellaneous expenses incidental thereto in a presently unascertainable amount;

3. Costs of this suit;

4. Attorney's fees; and


CHRISTENSEN LAW
www.injuryhelpnow.com

5. For such other and further relief as to the Court may deem just and proper in the premises.

## SECOND CLAIM FOR RELIEF

1. General damages in an amount in excess of $10,000.00;

2. Special damages for the loss of services, companionship, society and consortium of PHILLIP EDICK an amount in excess of $10,000.00;

3. Costs of this suit;

4. Attorney's fees; and

5. For such other and further relief as to the Court may deem just and proper in the premises.

DATED THIS 22nd day of October, 2010.

CHRISTENSEN LAW OFFICES, LLC

BY: _____
THOMAS CHRISTENSEN, ESQ.
Nevada Bar No. 2326
DAVID F. SAMPSON, ESQ.
Nevada Bar No. 6811
1000 S. Valley View Blvd.
Las Vegas, Nevada 89107
Attorney for Plaintiffs

CIVIL COVER SHEET

A-10-628007-C
XI

County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

## I. Party Information

| | |
|---|---|
| Plaintiff(s) (name/address/phone): Sandra Edick<br>2060 Trinedad Dr.<br>Bullhead City, Arizona 86442 | Defendant(s) (name/address/phone): ALLEGIANT AIR, LLC<br>ATTN: Customer Relations<br>PO Box 401026<br>Las Vegas, NV 89140 |
| Attorney (name/address/phone): Christensen Law Offices<br>1000 S. Valley View Blvd.<br>Las Vegas, NV 89107<br>(702) 870-1000 | Attorney (name/address/phone): |

## II. Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)

☐ **Arbitration Requested**

### Civil Cases

| Real Property | Torts |
|---|---|

**Real Property**

☐ Landlord/Tenant
  ☐ Unlawful Detainer
☐ Title to Property
  ☐ Foreclosure
  ☐ Liens
  ☐ Quiet Title
  ☐ Specific Performance
☐ Condemnation/Eminent Domain
☐ Other Real Property
  ☐ Partition
  ☐ Planning/Zoning

**Torts**

**Negligence**

☐ Negligence – Auto
☐ Negligence – Medical/Dental
☑ Negligence – Premises Liability
  (Slip/Fall)
☐ Negligence – Other

☐ **Product Liability**
  ☐ Product Liability/Motor Vehicle
  ☐ Other Torts/Product Liability
☐ **Intentional Misconduct**
  ☐ Torts/Defamation (Libel/Slander)
  ☐ Interfere with Contract Rights
☐ **Employment Torts** (Wrongful termination)
☐ **Other Torts**
  ☐ Anti-trust
  ☐ Fraud/Misrepresentation
  ☐ Insurance
  ☐ Legal Tort
  ☐ Unfair Competition

**Probate**

Estimated Estate Value: _____

☐ Summary Administration
☐ General Administration
☐ Special Administration
☐ Set Aside Estates
☐ Trust/Conservatorships
  ☐ Individual Trustee
  ☐ Corporate Trustee
☐ Other Probate

**Other Civil Filing Types**

☐ **Construction Defect**
  ☐ Chapter 40
  ☐ General
☐ **Breach of Contract**
  ☐ Building & Construction
  ☐ Insurance Carrier
  ☐ Commercial Instrument
  ☐ Other Contracts/Acct/Judgment
  ☐ Collection of Actions
  ☐ Employment Contract
  ☐ Guarantee
  ☐ Sale Contract
  ☐ Uniform Commercial Code
☐ **Civil Petition for Judicial Review**
  ☐ Foreclosure Mediation
  ☐ Other Administrative Law
  ☐ Department of Motor Vehicles
  ☐ Worker's Compensation Appeal

☐ **Appeal from Lower Court** (*also check applicable civil case box*)
  ☐ Transfer from Justice Court
  ☐ Justice Court Civil Appeal
☐ **Civil Writ**
  ☐ Other Special Proceeding
☐ **Other Civil Filing**
  ☐ Compromise of Minor's Claim
  ☐ Conversion of Property
  ☐ Damage to Property
  ☐ Employment Security
  ☐ Enforcement of Judgment
  ☐ Foreign Judgment – Civil
  ☐ Other Personal Property
  ☐ Recovery of Property
  ☐ Stockholder Suit
  ☐ Other Civil Matters

## III. Business Court Requested (Please check applicable category; *for Clark or Washoe Counties only*.)

☐ NRS Chapters 78-88
☐ Commodities (NRS 90)
☐ Securities (NRS 90)

☐ Investments (NRS 104 Art. 8)
☐ Deceptive Trade Practices (NRS 598)
☐ Trademarks (NRS 600A)

☐ Enhanced Case Mgmt/Business
☐ Other Business Court Matters

10/22/2010
_____
Date

_____
Signature of initiating party or representative

*See other side for family-related case filings.*

# CIVIL COVER SHEET

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
SANDRA EDICK, individually and as Special Administrator for the Estate of PHILLIP EDICK, deceased,

## DEFENDANTS
ALLEGIANT AIR, LLC, CLARK COUNTY DEPARTMENT OF AVIATION, and DOES I - V, and ROE CORPORATIONS I - V, inclusive,

**(b)** County of Residence of First Listed Plaintiff   State of Arizona
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
THOMAS CHRISTENSEN, ESQUIRE
CHRISTENSEN LAW OFFICES, LLC - 1000 S. Valley View Blvd., Las Vegas, Nevada 89107. Tel: (702) 870-1000.

Attorneys (If Known)
BRUCE SCOTT DICKINSON, ESQUIRE
STEPHENSON & DICKINSON, P.C., 2820 West Charleston Boulevard, Suite 19, Las Vegas, Nevada 89102, Tel: (702) 474-7229

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☒ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **PERSONAL INJURY** | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 362 Personal Injury - Med. Malpractice | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury - Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | | | |
| ☐ 441 Voting | **PRISONER PETITIONS** | | | |
| ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | | |
| ☐ 444 Welfare | ☐ 530 General | | | |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | | | |
| ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1331, 1441 and 1446.

Brief description of cause:
Plaintiff's decedent allegedly fell because Defendant required decedent to be with checked baggage at check-in.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ In excess of $10,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**           Example:           U.S. Civil Statute: 47 USC 553
                                                                    Brief Description: Unauthorized reception of cable service

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# EXHIBIT "2"

[Cite as *Restivo v. Continental Airlines, Inc.*, 2011-Ohio-219.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 94926**

---

# PETER RESTIVO, ET AL.

### PLAINTIFFS-APPELLANTS

vs.

# CONTINENTAL AIRLINES, INC.

### DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-713869

**BEFORE:**   Sweeney, P.J., Jones, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   January 20, 2011

## ATTORNEYS FOR APPELLANTS

Gerald W. Phillips, Esq.
Phillips & Company, L.P.A.
P.O. Box 269
Avon Lake, Ohio 44012

Sam P. Cannata, Esq.
Cannata Phillips, L.P.A., L.L.C.
9555 Vista Way, Suite 200
Garfield Hts., Ohio 44125

## ATTORNEYS FOR APPELLEE

Jeffrey Saks, Esq.
Tracy A. Stitt, Esq.
Hugh R. Whiting, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
JAMES J. SWEENEY, P.J.:

{¶ 1}   Plaintiffs-appellants, Peter Restivo, et al., appeal from the trial court's order that dismissed their claims against defendant-appellee, Continental Airlines, Inc. ("Continental"), finding they are preempted by federal law and otherwise fail to state a claim upon which relief could be granted.   For the reasons that follow, we affirm.

{¶ 2}  Plaintiffs' complaint alleges they purchased a gift card in the amount of one thousand dollars ($1,000.00) for air travel and services on Continental's airline.   The gift card had a one year expiration date and when the donee attempted to utilize the gift card after its expiration date, Continental refused to honor it.   Thereafter, plaintiffs pursued the subject class action lawsuit against Continental asserting claims that allege violations of Ohio's Gift Card Statute and the Ohio Consumer Sales Practices Acts ("OCSPA") and also containing a claim for unjust enrichment.   Continental responded to the complaint with a motion to dismiss, asserting that the claims based upon alleged violations of state law were preempted by the Airline Deregulation Act of 1978, 49 U.S.C. §41713 ("ADA") and that the unjust enrichment claim fails due to the existence of an express contract.

{¶ 3}   The first six assignments of error all challenge the propriety of the trial court's finding that the ADA preempted their state law claims.

{¶ 4}   We review a court's granting a motion to dismiss de novo. *Tisdale v. Javitch, Block & Rathbone*, Cuyahoga App. No. 83119, 2003-Ohio-6883. When ruling on a motion to dismiss for failure to state a claim, the court must assume that all factual allegations in the complaint are true, and it must appear beyond a reasonable doubt that the plaintiff can prove no set of facts warranting recovery. *Tulloh v. Goodyear Atomic Corp.* (1992), 62 Ohio St.3d 541, 584 N.E.2d 729.

{¶ 5}  We note that appellants' arguments incorporate revisions to the Credit Card Act of 2009 that took effect in August of 2010 and that add provisions that regulate the use and issuance of gift cards, including that all gift cards issued after August 22, 2010 may not carry an expiration period of less than five years.  See 15 U.S.C. 1693.  However, appellants did not assert a claim under the Electronic Funds Transfer Act or any provision of that law because the gift card issued in this case pre-dates the effective date of the subject federal legislation.  Consequently, we are not in a position to determine how the recently enacted legislation will impact gift cards issued by an airline.

{¶ 6}  Appellants asserted claims pursuant to Ohio's gift card statute and OCSPA.  However, the ADA explicitly provides: "a State,* * *may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart."  49 U.S.C. 41713(b)(1).  The prior version of this law provided that "no State * * * shall enact or enforce any law, rule, regulation, standard or other provision having the force and effect of law relating to *rates, routes or services [plural]* of any air carrier * * *."  *Am. Airlines v. Wolens* (1995), 513 U.S. 219, 222-223, 115 S.Ct. 817, 130 L.E.2d 715 (noting that Congress intended the revision to make no substantive change.)

{¶ 7}   In arguing that the ADA does not preempt their state law claims, appellants rely on *Charas v. Trans World Airlines, Inc.* (C.A. 9, 1998), 160 F.3d 1259.   In *Charas*, the Ninth Circuit examined the scope of the ADA's preemption with regard to state law tort claims.   The Court in *Charas* focused upon the tenuous connection between a state law tort claim against an airline and airline deregulation, i.e., whether "the state laws underlying claims frustrate the goal of economic deregulation by interfering with the forces of competition."   Id. at 1263.   The Court noted the United States Supreme Court's indication that ADA would not preempt most state law tort claims, citing *Morales v. Trans World Airlines, Inc.* (1992), 504 U.S. 374, 390, 112 S.Ct. 2031, 119 L.E.2d 157 ("some state action may affect [airline fares] in too tenuous, remote, or peripheral a manner to have pre-emptive effect.") and *Wolens*, 513 U.S. at 230-33 (breach of contract claim for airline's decision to devalue frequent flyer miles not preempted).[1]   The Court then concluded that Congress, by enacting the ADA, "did not intend to immunize the airlines from liability for personal injuries caused by their tortious conduct."   *Charas*, 160 F.3d at 1266.   The Court further interpreted that "Congress used 'service' in §1305(a)(1) in the public utility sense — i.e., the provision of air transportation to and from various markets at various times. * * * '[S]ervice'

---

[1] Appellants did not assert a breach of contract claim and are not seeking to have the contract enforced according to its terms.

does not refer to the pushing of beverage carts, keeping the aisles clear of stumbling blocks, the safe handling and storage of the luggage, assistance to passengers in need, or like functions." Id.[2]

{¶ 8}  Continental does not dispute the interpretation of "service" set forth in *Charas* but contends that it does not bar the ADA's preemptive effect on appellants' claims.   Appellants acknowledge their claims stem from a contractual relationship and attached a copy of the terms thereof to the complaint.   The terms include that the gift card is "[o]nly valid for air travel purchases, including tickets, taxes and surcharges" and that it is "[v]alid for one year from the date certificate is originally issued."   The claims involved in *Charas* related to injuries sustained by passengers due to tortious conduct while appellants in this matter are attempting to have provisions of the gift card declared invalid and in violation of Ohio's consumer protection laws. Unlike the facts at issue in *Charas*, the gift card is related to the provision of airline service in the "public utility sense," i.e., purchasing a ticket for the provision of air transportation to and from a market at certain times.

{¶ 9}  The purpose of the ADA is "[t]o ensure that the States would not undo federal deregulation with regulations of their own." *Morales*, 504 U.S. at 378.   In *Morales*, the United States Supreme Court interpreted the "relating

---

[2]For this reason, appellant's argument set forth in the fifth assignment of error is unavailing.

to" language of the ADA broadly. Id. at 386-387.   Preemption may occur even if a state law's effect on rates, routes, or services "is only indirect."

{¶ 10} Although appellants argue that the gift card is not a service but rather the equivalent of money, they recognize its purpose and use is for the purchase of "air travel or services" from the airline.   As such, the gift card is "related to" a price, route, or service of an air carrier.   It is not simply a financial transaction as appellants argue because its value derives from the intended purpose of securing goods or services from Continental in the future. Stated differently, the gift cards were purchased in lieu of an immediate, direct purchase of airline tickets.   If appellants had directly purchased airline tickets there would be no dispute that the tickets related to the airline's service.   The fact that the gift card postpones the eventual purchase of an airline ticket does not alter that the gift card is still related to the provision of air transportation.   Appellants do not suggest or contend that the gift cards would or could be used to purchase anything but flight tickets.   Therefore, the gift cards at issue do not involve the provision of amenities that could be considered only tangentially related to services as was the determinative factor in *Charas*.

{¶ 11} At least one other state appellate court has addressed the same issue presented here and also concluded that the ADA preempts state law claims challenging the expiration dates of airline gift cards that are

redeemable for tickets.   E.g., *Tanen v. S.W. Airlines Co.* (2010), 187 Cal.App.4th 1156, 114 Cal.Rptr.3d 743.   In *Tanen*, the plaintiff maintained that Southwest violated state law by selling gift certificates, redeemable for airline tickets, that contained expiration dates.   The Court held that allowing Tanen to maintain state law claims, including alleged violations of consumer and gift card laws, would result in substituting state governmental commands for "competitive market forces" in determining the kinds of travel certificates airlines provide their customers.   The court further reasoned that "to interpret the ADA to permit states to impose their own requirements on the services Southwest offers nationally 'could easily lead to a patchwork of state service-determining law, rules and regulations.'" And, "[t]hat 'state regulatory patchwork is inconsistent with Congress' major legislative effort to leave such decisions, where federally unregulated, to the competitive marketplace.'" *Tanen*, 187 Cal.App.4th at 1170, quoting, *Rowe v. New Hampshire Motor Transport Assn.* (2008), 552 U.S. 364, 373, 128 S.Ct. 989, 169 L.Ed.2d 933. Ultimately, the court in *Tanen* concluded that airlines "do compete with one another with regard to the various services they provide * * * passengers may well choose to purchase a travel certificate on one airline rather than another based on the certificate's expiration date or lack thereof.   Accordingly [the state law restriction on gift card expiration dates] is not 'peripheral' to airline

competition and deregulation within the meaning of *Charas* and related cases." Id. at 1171.   That same logic and conclusion apply equally here.

{¶ 12} Assignments of error one through six are overruled.   The final assignment of error contests the trial court's order that dismissed appellants' claim for unjust enrichment.   The face of the complaint clearly recognizes the existence of an express contract, which was attached to it.   Appellants did not challenge the validity of the contract but sought to have the contract declared unlawful through the application of state laws and policies external to the parties' agreement, which claims were preempted.   Where a valid contract exists between the parties, there can be no recovery under a theory of quantum meruit in the absence of fraud, bad faith, or illegality.   *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 55, 544 N.E.2d 920, citing *Ullmann v. May* (1947), 147 Ohio St. 468, 72 N.E.2d 63, paragraph three of the syllabus.   The seventh assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

JAMES J. SWEENEY, PRESIDING JUDGE

LARRY A. JONES, J., and
KENNETH A. ROCCO, J., CONCUR