1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7

SANDRA EDICK, individually and as
Special Administrator for the Estate of
PHILLIP EDICK, deceased,

8

9
Plaintiff,

10
v.

11
ALLEGIANT AIR, LLC, et al.,

12

13
Defendants.

2:11-CV-259 JCM (GWF)

14
15

**ORDER**

16      Presently before the court is defendant Allegiant Air, LLC's motion for summary judgment.

17   (Doc. #34).  Plaintiff Sandra Edick filed an opposition.  (Doc. #38).  Defendant then filed a reply.

18   (Doc. #41).

19      This lawsuit arises out of an incident at McCarran International Airport in which plaintiff's

20   husband, Phillip Edick, fell and hit his head as he was entering the airport terminal.  (Doc. #1).  The

21   Edicks had airplane reservations to fly from Las Vegas to Eugene, Oregon.

22      Mr. Edick was diagnosed with astrocytoma, a brain tumor, in 1996.  Before his fall at the

23   airport, Mr. Edick already had developed conditions associated with his brain tumor, including

24   confusion, poor short-term memory, headaches, and physical weakness.

25      On October 23, 2008, plaintiff drove to the airport and parked on the fourth floor of the long-

26   term parking garage.  As the Edicks were walking to the airport terminal, Mr. Edick fell in the long-

27   term parking garage and was shaken.  Plaintiff then asked Mr. Edick to stay on a bench on a lower

28

**James C. Mahan**
**U.S. District Judge**

1  level of the parking garage while she went to the check-in counter.  Plaintiff left Mr. Edick and went

2  to the check-in counter with the couple's baggage.

3       At the Allegiant Air check-in counter, plaintiff asked to check in the bags for Phillip and

4  Sandra Edick.  The Allegiant Air agent at the check-in counter refused to check in the luggage

5  because Mr. Edick was not present in the terminal.  Plaintiff informed the Allegiant Air agent that:

6  (1) Mr. Edick was a disabled passenger who needed a wheelchair, (2) Mr. Edick had fallen in the

7  parking garage already, (3) plaintiff needed assistance with Mr. Edick, and (4) she wanted to leave

8  her baggage at the counter while she returned to help Mr. Edick.  The Allegiant Air agent responded

9  that plaintiff could not leave unattended luggage at the airport and that plaintiff would have to take

10  the luggage with her when she went to assist Mr. Edick.

11       Plaintiff returned to the parking garage to meet her husband.  The Edicks then walked toward

12  the airport terminal with their bags on a cart.  At the curb, Mr. Edick let go of the baggage cart and

13  began to talk to the automatic doors to enter the airport terminal.  Mr. Edick fell and hit his head

14  after he passed the first of the two sets of automatic doors.  As a result of the fall, Mr. Edick lost a

15  tooth, sustained a gash under his eye, and suffered brain hemorrhaging.  Mr. Edick spent eight days

16  at Sunrise Hospital after this fall.

17       The complaint alleges two causes of action: (1) negligence and (2) loss of consortium.  (Doc.

18  #1).  Defendant moves for summary judgment.  (Doc. #34).  Defendant first argues that plaintiff's

19  claims are preempted by federal law.  Further, even if plaintiff's claims are not preempted, defendant

20  argues that it owed no duty of care to plaintiff and Mr. Edick, and summary judgment is appropriate.

21  **Summary judgment standard**

22       Summary judgment is appropriate when, viewing the facts in the light most favorable to the

23  nonmoving party, there is no genuine issue of material fact which would preclude summary

24  judgment as a matter of law.  *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV.

25  P. 56(c); *see also Matsushita Elec. Indus. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *T.W.*

26  *Elec. Serv.*, *Inc. v. Pacific Elec. Contractors Assn*., 809 F.2d 626, 630 (9th Cir.1987).  The purpose

27  of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   is a genuine need for trial." *Matsushita Elec.*, 475 U.S. at 586; *International Union of Bricklayers*

2   *v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

3          The moving party bears the burden of informing the court of the basis for its motion, together

4   with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v.*

5   *Catrett*, 477 U.S. 317, 323 (1986); *see also Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002)

6   (expressing the standard for authentication of evidence on a motion for summary judgment). Once

7   the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party

8   fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific

9   facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324; Fed. R. Civ.

10  P. 56(c).

11  **I.      Federal Aviation Act ("FAA") and Air Carrier Access Act ("ACAA")**

12         Defendant first moves for summary judgment, arguing that all of plaintiff's claims are

13  preempted by federal law. The allegations in the complaint revolve around two alleged breaches of

14  duty by defendant: (1) defendant's failure to provide wheelchair assistance to Mr. Edick, and (2)

15  defendant's failure to accept the plaintiff's baggage at the check-in counter.

16         "The purpose, history, and language of the FAA [demonstrate] that Congress intended to

17  have a single, uniform system for regulating aviation safety." *Montalvo v. Spirit Airlines*, 508 F.3d

18  464, 471 (9th Cir. 2007). The Federal Aviation Administration may develop regulations which

19  "displace all state law on the subject of air safety." *Id.* To determine whether a particular state law

20  claim is preempted, the court determines whether the Federal Aviation Administration has issued

21  "pervasive regulations" in that area. *Martin v. Midwest Exp. Holdings, Inc.*, 555 F.3d 806, 811 (9th

22  Cir. 2009). "In areas without pervasive regulations or other grounds for preemption, the state

23  standard of care remains applicable." *Id.*

24         **A.      Failure to provide wheelchair assistance**

25         The instant motion for summary judgment argues that plaintiff's wheelchair-related claims

26  are preempted by the ACAA. (Doc. #34). Specifically, defendant argues that federal regulations

27  require wheelchair assistance for passengers only when boarding or deplaning, when connecting with

28

**James C. Mahan**
**U.S. District Judge**

1   flights between terminals, and when moving from the terminal entrance or vehicle drop-off point to

2   the gate.  (Doc. #34, citing 14 CFR 382.39; 14 CFR 382.91; and 14 CFR 382.95).  Thus, there are

3   pervasive regulations regarding wheelchair assistance.  None of these regulations require wheelchair

4   assistance in a parking garage, and plaintiff's state law claims are preempted.  (Doc. #34).

5       In response, plaintiff states that the facts of this case do not involve wheelchair assistance for

6   a passenger boarding or deplaning, connecting with flights between terminals, or moving from the

7   terminal entrance or vehicle drop-off point to the gate.  *See* 14 CFR 382.39; 14 CFR 382.91; and 14

8   CFR 382.95.  Instead, this is a case involving the failure to provide wheelchair assistance from a

9   parking garage to the check-in counter.  (Doc. #38).  Plaintiff notes that there are no federal

10  regulations governing wheelchair assistance from the parking area to the check-in counter.

11  Accordingly, the field is not preempted in this area of assistance to the disabled, and the court must

12  look to the state law standard of care.  (Doc. #38).

13       There are extensive federal regulations governing the wheelchair assistance claims in this

14  case.  The regulations promulgated under the ACAA establish with specificity an air carrier's

15  obligations to provide disabled passengers with assistance.  *See Johnson v. Northwest Airlines, Inc.*,

16  2010 WL 5564629, at *5 (N.D. Cal. 2010).  Plaintiff correctly observes that the federal regulations

17  do not address wheelchair assistance from parking structures to check-in counters, but it does not

18  follow from this observation that the area of wheelchair assistance is not regulated pervasively.  *See*

19  *Martin*, 555 F.3d at 811.  Pursuant to the ACAA, an air carrier's obligations to provide wheelchair

20  assistance do not extend beyond the areas of the terminal which it controls.  Here, the carrier does

21  not control the parking area of the airport.  *See* 14 CFR 382.39; 14 CFR 382.91; and 14 CFR 382.95.

22  An air carrier's obligations to provide wheelchair assistance are regulated under the ACAA, and an

23  expansion of these obligations would undermine the "single, uniform system [of] aviation safety."

24  *Montalvo*, 508 F.3d at 471.

25       Accordingly, the court finds that plaintiff's wheelchair assistance-related claims are

26  preempted by federal law, and summary judgment on these claims is appropriate.

27

28

**James C. Mahan**
**U.S. District Judge**

1

     **B.**    **Failure to accept baggage**

2          Similarly, defendant states that baggage check-in is pervasively regulated.  Defendant's

3 security plan mandates that Allegiant Air personnel can accept baggage from a family member on

4 behalf of another family member traveling together only if the other family member was within the

5 terminal and could be identified by Allegiant Air personnel.  (Doc. #34).  Therefore, plaintiff's

6 baggage check-in claims, including the Allegiant Air agent's failure to check in the Edick's baggage

7 and refusal to allow plaintiff to leave unattended baggage at the check-in counter, are preempted by

8 federal law.  (Doc. #34).

9          In their response, plaintiffs do not contest that all of defendant's baggage check-in related

10 actions were in compliance with Allegiant Air's Transportation and Security Administration-

11 mandated and approved security plan.  (Doc. #38).

12          The court finds that baggage check-in is pervasively regulated, and plaintiff's state law

13 baggage check-in claims are preempted by federal law.  Therefore, the court grants summary

14 judgment on these claims.

15          Accordingly,

16          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Allegiant Air,

17 LLC's motion for summary judgment (doc. #34) be, and the same hereby is, GRANTED.

18          IT IS FURTHER ORDERED that the clerk of court shall close the above-captioned case and

19 enter final judgment accordingly.

20          DATED April 27, 2012.

21

22               _James C. Mahan_

                 **UNITED STATES DISTRICT JUDGE**

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

                - 5 -