UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SANDRA EDICK, individually and as Special Administrator for the Estate of PHILLIP EDICK, deceased,

    Plaintiff,

v.

ALLEGIANT AIR, LLC, et al.,

    Defendants.

2:11-CV-259 JCM (GWF)

### ORDER

Presently before the court is plaintiff Sandra Edick's motion to retax costs. (Doc. # 48). Defendant Allegiant Air, LLC has responded (doc. # 49 & 53) and plaintiff has replied (doc. # 50). The court granted defendant's motion for summary judgment. (Doc. # 42). Defendant moved to tax costs (doc. # 44) and the clerk of the court taxed costs against plaintiff in the amount of $12,293.45 (doc. # 47). Plaintiff now seeks an order which retaxes $10,028 from defendant's cost bill. The amount represents the fees associated with issuing subpoenas in order to obtain plaintiff's medical records.

As a preliminary matter, defendants failed to comply with Fed. R. Civ. P. 11(a) and Local Rule IA 10-2(a). Local Rule IA 10-2(a) states that: "[a]n attorney who is not a member of the Bar of this Court, who has been retained or appointed to appear in a particular case, may do so only with permission of this Court." Here, counsel who signed recent filings in this case was neither admitted to the Nevada State Bar nor granted pro hac vice status by the court. For this reason, defendant's

**James C. Mahan**
**U.S. District Judge**

reply in support of its bill of costs (doc. # 46) and defendant's opposition to plaintiff's motion to retax costs (doc. # 49) are defective. However, defendant promptly filed corrected versions of the above stated documents signed by counsel who has been granted pro hac vice status. Thus, finding that defendant has sufficiently cured this defect, the court considers plaintiff's motion and subsequent filings on the merits.

"Unless otherwise ordered by the Court, the prevailing party shall be entitled to reasonable costs. A prevailing party who claims such costs shall serve and file a bill of costs . . . no later than fourteen (14) days after the date of entry of the judgment or decree." Nev. Dist. Court Local Rule 54-1(a). Here, defendant timely filed its bill of costs. (*See* doc. # 44).

Federal Rule of Civil Procedure 54(d)(1) states: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party . . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." Here, plaintiff timely filed her motion to retax costs. (*See* doc. # 48).

Fed. R. Civ. P. 54 "creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit,* 335 F.3d 932, 944-45 (9th Cir. 2003) (internal citation omitted). Lastly, Local Rule 54-14(b) states "[a] motion to retax shall particularly specify the ruling of the Clerk excepted to, and no others will be considered by the Court. The motion shall be decided on the same papers and evidence submitted to the Clerk."

Title 28 U.S.C. § 1920 governs the billing of costs. Courts are free to interpret the meaning and scope of the items enumerated as taxable costs under § 1920. *Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 178 (9th Cir. 1990) *disapproved of by Collins v. Gorman*, 96 F.3d 1057 (7th Cir. 1996). The Ninth Circuit has held that "process servers' fees are properly taxed as costs." *Id.*; *see also* Local Rule 54-2.

Plaintiff makes several arguments as to why she believes the court should retax $10,028 in costs. First, plaintiff argues that issuing subpoenas for medical records was unreasonable and unnecessary. Second, requiring plaintiff to object to issuing a subpoena is burdensome. Third, the

**James C. Mahan**
**U.S. District Judge**

- 2 -

amount paid to the process server was excessive and included fees not for service. Fourth, defendant did not produce these medical records under Fed. R. Civ. P. 26(e), demonstrating that these records were not necessary. The court addresses each argument in turn.

The medical records obtained were relevant to the decedent's medical condition which was at issue in the case. Plaintiff's complaint alleged that defendants' actions were the direct and proximate cause of the decedent's death. Plaintiff does not contest this point. Plaintiff, however, argues that defendant should have mailed HIPAA (Health Insurance Portability and Accountability Act) forms to the doctors and that plaintiff would have provided authorization for release of the decedent's medical records. Plaintiff contends that this method is less expensive than the course chosen by defendant.

Even if plaintiff would have provided authorization that would have permitted defendant to obtain the relevant information in a less costly manner, that does not make defendant's decision to use the subpoena power of the court to defend itself in this action unreasonable. Thus, the court declines to retax costs on this basis.

The clerk of the court noted that plaintiff did not object to the subpoenas at the time they were served, and thus granted defendant's request for cost of serving the subpoenas in its entirety. (Doc. # 47). Plaintiff contends that it would be burdensome to object to each subpoena to preserve the objection at the taxation of costs stage. Defendant argues that plaintiff could have filed one document with the court, objecting to all service of subpoenas.

The court agrees. If plaintiff was concerned about the possibility of paying for defendant's costs that plaintiff believed to be unreasonable, plaintiff should have placed the court, and more importantly, the defendant on notice. In fairness, defendant should not be faced with choosing a method authorized by the court and that it believed to be reasonable, only to find that it is unable to recover the costs associated with the course of action. Thus, the court finds that the clerk of the court did not err in his decision.

The use of private process servers is common practice and there is no governing law in this jurisdiction that caps taxation of costs for private process servers issuing subpoenas. *But see*

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  *Arrambide v. Wal-Mart Stores, Inc.*, 33 Fed. Appx. 199, 203 (6th Cir. 2002). In fact, in *Alflex Corp.*,
2  the Ninth Circuit held that "the cost of private process servers should be taxable under 28 U.S.C. §
3  1920(1)." *Alflex Corp.*, 914 F.2d at 178. Plaintiff produced no evidence to the clerk of the court
4  establishing that defendant paid more than market rate for the private process server. Reviewing the
5  evidence submitted to the clerk of the court, the court declines to retax costs on this ground.

6  Lastly, while there is a general duty to supplement discovery after initial disclosures have
7  been made, *see* FED. R. CIV. P. 26(e), the court finds that plaintiff's application of this rule under
8  these circumstances in inapposite. Rule 26(e) requires disclosure where the documents have "not
9  otherwise been made known to the other parties during the discovery process or in writing." FED.
10 R. CIV. P. 26(e)(1)(a). However, the subpoenas defendant issued to the medical providers were also
11 served on plaintiff; thus plaintiff was aware that defendant was obtaining this information. Further,
12 this information was likely known to plaintiff as this information pertained to decedent's medical
13 condition, something plaintiff put at issue in this case.

14 For the foregoing reasons,

15 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Sandra Edick's
16 motion to retax costs (doc. # 48) be, and the same hereby is, DENIED.

17 DATED October 3, 2012.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -